IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                    No. CIV 98-560-MV/WWD

ANTHONY CHENG,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion (1) To Dismiss for Failure to State a Claim, (2) To Dismiss for Failure to Plead with Sufficient Particularity, or, in the Alternative, (3) For More Definite Statement, filed September 8, 1998 **[Doc. 10]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED, in part**, as explained below.

## **BACKGROUND**

The Complaint in the present case alleges that Defendant, Anthony Cheng ("Dr. Cheng") worked as a staff anesthesiologist at the Gallup Indian Medical Center, Gallup, New Mexico, from February 19, 1994, to March 2, 1996. The Complaint further states that during this period,

> Dr. Cheng, knowingly engaged in a pattern and practice of taking annual leave, sick leave, and compensatory time off without having accrued the time off. Dr. Cheng was absent from his duty station and charged the Government as though he had been present and providing services. Complaint ¶ 8.

1

An investigation into Dr. Cheng's leave records revealed that Dr. Cheng, individually or through persons acting on his behalf, submitted fraudulent leave slips or failed to submit leave slips for hours he was absent from his duty station and still received a pay check. Complaint ¶ 9.

As a result of these actions, the Government alleges that Dr. Cheng received $44, 113.03 in salary and other benefits which he was not entitled to.

Based on these facts, the two count Complaint alleges: (1) that Dr. Cheng knowingly submitted false claims in violation of the False Claims Act, 31 U.S.C. §§ 3729-31; and (2) that Dr. Cheng was unjustly enriched. The Government seeks treble damages and a civil fine between $5,000 and $10,000.

Prior to filing an answer, the Defendant filed the instant Motion to Dismiss. Defendant asserts that the Government has failed to state a claim under either count and that the Complaint fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). In the alternative, Defendant requests a more definite statement of the facts alleged.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). A motion to dismiss for failure to plead with particularity circumstances that could justify an inference of fraud as required by Rule 9(b) is treated as a 12(b)(6) motion to dismiss for failure to state a claim. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir. 1997).

**ANALYSIS**

Defendant in his three-part motion asserts first that Government has failed to plead facts which constitute a violation of the False Claims Act or amount to unjust enrichment. The Court is unable to rule on this portion of Defendant's Motion because, as asserted by Defendant in the second part of his Motion, the Complaint fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), leaving the Court with insufficient information to determine whether the Complaint states a claim.

A claim pursuant to the False Claims Act requires evidence that the defendant: (1) presented a claim for payment or approval to the United States; (2) that the claim contained false or fraudulent statements; and (3) that the defendant knew that the statements were false. *See United States ex rel.*

3

*Hopper v. Anton*, 91 F.3d 1261, 1265-67 (9th Cri. 1996). The Ninth Circuit recently explained the reach of the statute as follows:

> [i]t is not the case that any breach of contract, or violation of regulations or law, or receipt of money from the government where one is not entitled to receive the money, automatically gives rise to a claim under the FCA. . . . The FCA is far narrower. It requires a false claim. Thus, some request for payment containing falsities made with scienter (i.e., with knowledge of the falsity and with intent to deceive) must exist.
>
> This does not mean that other types of violations of regulations, or contracts, or conditions set for the receipt of moneys, or of other federal laws and regulations are not remediable; it merely means that such are not remediable under the FCA or the citizen's suit provisions contained therein.

*Id.* at 1265. "[T]he Act attaches liability, not to underlying fraudulent activity, but to the 'claim for payment.'" *Id.* at 1266.

Rule 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Rule 9(b) applies to claims brought under the False Claims Act. *U.S. ex rel. Thompson v. Columbia/HCA*, 125 F.3d 899, 903 (5th Cir. 1997); *Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1476-77 (2nd Cir. 1995). Indeed, the Court must be particularly attentive to the heightened pleading requirement in a case brought under the False Claims Act since the Act carries heavy penal consequences, here potentially subjecting Dr. Cheng to more than $130,000 in liability. *See United States ex rel. Brensilber v. Bausch & Lomb Optical Co.*, 131 F.2d 545, 547 (2nd Cir. 1942) (describing the False Claims Act as "not only penal, but drastically penal.")

The Tenth Circuit has held that, "[t]rue to the rule's straightforward language, . . . Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind." *Schwartz*

4

*v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citing *Seattle-First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir. 1986). Further,

> [t]he requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, ... and to be construed as to do substantial justice." The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ."

*Schwartz*, 124 F.3d at 1252 (citations omitted). "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Id*.

Applying these standards, the Tenth Circuit in *Schwartz* reversed the dismissal of a complaint for failure to meet the particularity requirements of Rule 9(b). *Id*. The Complaint dedicated 80 paragraphs to describing the alleged false representations made by the defendants, even quoting the statements in part, and described in detail what about the statements was not true. *Id*. at 1250-52. In contrast, the Tenth Circuit upheld a dismissal pursuant to Rule 9(b) in *Grossman,* 120 F.3d 1112, where the actual statements had been identified but the basis for inferring their falsity had not. *Id.* at 1124. The *Grossman* Court stated,

> [m]ere conclusory allegations of falsity are insufficient. Fed.R.Civ.P. 9(b) requires that to state a claim for . . . fraud, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."

*Id.* (citation omitted).

In the current case, the sum total of the information alleged in the Complaint regarding the purported fraud is the statement that Dr. Cheng "submitted fraudulent leave slips or failed to submit leave slips for hours he was absent from his duty station and still received a pay check." Complaint

¶ 9. The Court can hardly imagine a more "conclusory" allegation of fraud. The Government has failed to provide even a vague description of the content of the fraudulent statements and has provided no grounds from which this Court might infer what about those statements is false. What does it mean to "submit fraudulent leave slips"? Did Dr. Cheng affirmatively state that he was entitled to leave when he was not? Did Dr. Cheng affirmatively state that he was at work hours when he was not? Or, did Dr. Cheng simply fail to request all of the time off which he took, and how would this failure translate into a false statement? What did Dr. Cheng say, when did he say it, and how was it false? The Complaint does not provide the Court with any basis for answering these questions.[1]

Having failed to plead the contents of the allegedly false statements and having failed to set forth what is false about those statements, the Government's pleading falls far short of the particularity required by Rule 9(b). *Grossman,* 120 F.3d at 1124.

However, the Government is correct that since the Defendant has not yet filed an answer, the Government may file an amended Complaint as of right. Fed. R. Civ. P. 15(a). The Court does not understand why the Government has not yet filed an amended complaint given its repeated offers in its Response Memorandum. Regardless, the Government will be permitted twenty (20) days from the date of this Order to file an amended complaint. If the government fails to file an amended complaint which cures the defects of the current complaint within that time frame, the Court will enter an order dismissing the Complaint.

---

[1] Both parties include factual allegations in their moving papers not contained in the Complaint and not relevant to this Motion. This is wholly inappropriate. The Court is not considered on this Motion with Dr. Cheng's guilt or innocence nor with the extent of negotiations between the parties and has not considered any of this extraneous information.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion (1) To Dismiss for Failure to State a Claim, (2) To Dismiss for Failure to Plead with Sufficient Particularity, or, in the Alternative, (3) For More Definite Statement, filed September 8, 1998 **[Doc. 10]** is hereby **GRANTED in part**. The Government is hereby instructed to file an amended complaint providing a more detailed statement of the facts demonstrating a violation of the False Claims Act within twenty (20) days of the date of this Order. If the Government fails to file an amended complaint within twenty days, the Court will enter an order dismissing the Complaint.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Howard Thomas

Attorneys for Defendant:
    Marcus Topel